IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RONDY ALEXIS PHILO,

    Plaintiff,

v.                                      CASE NO. 4:11-cv-394-SPM-GRJ

ROBERT REAMS, et al.,

    Defendants.

_____/

## O R D E R

This matter is before the Court on Doc. 36, Plaintiff's Request for Leave to Amend. Plaintiff says that he wants to file a first amended complaint "to correct defects in the pleading and not the facts of the claim." Plaintiff has attached to the motion a copy of his proposed First Amended Complaint. Defendant has filed a Response, Doc. 38, opposing leave to amend. Without authorization Plaintiff has filed a Reply titled "Plaintiff's Answer to Defendant's Response." Doc. 40.  Defendant has responded by filing a Motion To Strike Plaintiff's Reply. Doc. 41.

This case involves Plaintiff's claim that his Eighth Amendment rights were violated by Defendants, who are DOC employees, concerning an incident that occurred on April 7, 2010. According to Plaintiff, Defendants Reams, Koch and Pridgeon kicked and punched him and Defendant Dickey watched them attack Plaintiff. Presently pending before the Court is a motion to dismiss in which the Defendants argue that any claims against them in their official capacity are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suits brought against employees sued in their official capacity for monetary damages because those actions actually seek recovery

from state funds. *Kentucky v Graham*, 473 U.S. 159, 165-68 (1985).  Because suit against a state employee in his or her official capacity is not a suit against the official but rather is a suit against the official's office it is no different from a suit against the state itself. *Wills v Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989).

The problem with the proposed amended complaint is that the changes Plaintiff seeks to make relate primarily to his official capacity claims against the Defendants. As such, it would be futile to permit the Plaintiff to amend claims that are due to be dismissed based upon Eleventh Amendment immunity. The claims, if any, that may be available to Plaintiff are the individual capacity claims and not the official capacity claims. While Rule 15 of the Federal Rules of Civil Procedure provides that the Court should  "freely give leave when justice so requires"  before granting leave to amend, the Court must consider: (1) whether the amendment would be prejudicial to the opposing party, and (2) whether the amendment would be futile. *Foman v Davis*, 371 U.S. 178, 182 (1962).  Accordingly, for these reasons because the proposed amendment would be futile leave to amend is due to be denied.

Additionally, because Plaintiff did not obtain permission to file a reply as required by N.D. Fla. Loc. R.  7.1(C)(2) Defendant's Motion To Strike Plaintiff's Reply is due to be granted.

Plaintiff has also filed a Request For Leave To Filed (sic) Responsive And Reply Pleadings, Doc. 44, and Plaintiff's Motion For Acceptance, Doc. 43. In both of these motions Plaintiff requests the Court to accept his Reply and to grant him leave to file his amended complaint. However, because the amendment would be futile, as explained in detail above, each of these motions is due to be denied.

*Case No: 4:11-cv-00394-SPM  -GRJ*

Accordingly, upon due consideration, it is **ORDERED:**

1. Plaintiff's Request for Leave to Amend, Doc. 36, is **DENIED.**

2. Defendant's Motion To Strike Plaintiff's Reply, Doc. 41, is **GRANTED**.

3. Plaintiff's Motion For Acceptance, Doc. 43 is **DENIED**.

4. Plaintiff's Request For Leave To Filed (sic) Responsive And Reply Pleadings, Doc. 44, is **DENIED**.

**DONE AND ORDERED** this 7th day of August 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge