IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONDY ALEXIS PHILO,

    Plaintiff,

v.                                              CASE NO. 4:11-cv-394-SPM-GRJ

ROBERT REAMS, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) He was granted leave to proceed as a pauper. (Doc. 6.) The case is presently before the Court on Defendants' motion to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 37.) Plaintiff has filed a response in opposition to the motion, Doc. 42, and therefore this matter is ripe for review. For the following reasons, the undersigned recommends that the motion to dismiss be granted in part and denied in part.

### I. PLAINTIFF'S ALLEGATIONS

The allegations of the complaint arise from a series of events that began on March 26, 2010 at Taylor Correctional Institution, where Plaintiff was then incarcerated. During headcount that day, Defendants Reams and Stryker, correctional officers at Taylor CI, noted an infraction in Plaintiff's cell for lewd and lascivious exhibition. On

March 30, Plaintiff talked to Sergeant Reams to try to convince him that Plaintiff had not committed the infraction. Unsuccessful in this conversation, Plaintiff filed an informal grievance on April 3 with the Security of Prison Operation, Mr. Sistrunck. On April 7, this grievance was denied, and forwarded to the Office of the Inspector General in Tallahassee for review.

In the early morning hours of April 7, Sergeant Reams and Sergeant Koch went to Plaintiff's cell to place him in confinement due to the lewd exhibition infraction. They woke Plaintiff, instructed him to get dressed, handcuffed him and placed leg-shackles on him. Plaintiff was then taken to the medical department where he passed pre–confinement health assessment tests. After the assessment Plaintiff was placed in confinement, where Sergeants Pridgeon and Dickey were working. Plaintiff alleges that he was then taken to a disciplinary hearing room where he was attacked and beaten by Sergeants Reams, Koch, and Pridgeon, while Officer Dickey looked on. Plaintiff alleges that he was punched in the neck and stomach by Sergeant Reams, punched in the stomach by Sergeant Koch, kicked in the ribs by Sergeant Pridgeon, as well as kicked and stomped repeatedly in the torso area by those three Defendants. Plaintiff alleges he was dizzy and could not stand. As his leg irons were being removed, Plaintiff claims that Sergeant Reams said, "be a man, keep your mouth shut, do your time in confinement and when you are released [from] confinement, take care of your business with Inmate Jesse Clark. Then I will know that I picked the wrong cell."

Plaintiff asserts that he was then taken to a shower cell where he was strip searched, and was finally taken to a confinement cell. Plaintiff had difficulty breathing, but did not seek help until approximately 8:00 am-8:15 am during the shift change.

Plaintiff told the classification officer Wynn about the attack. Officer Wynn observed the bruises and reported the incident.

Plaintiff asserts that he was then taken to medical for an examination. The medical records from 9:45 am note that Plaintiff had swelling to left upper rib area, a small purple area, tender palpitation, lungs clear to auscultation, and a small red area on the left lower neck. Plaintiff asserts that the institutional doctor was contacted but never came, and that Plaintiff was less than adequately examined. Plaintiff claims that Sergeant Tedder, who was photographing Plaintiff's injuries, stated that "someone really put the boot to you and the bruises on your left rib area look like marks [from] the bottom of a boot." Plaintiff returned to confinement but later, around 5:00 pm, he had trouble breathing and was taken back to medical in a wheelchair. Plaintiff was examined and the nurse noted he had bruises that were slightly swollen. Thereafter, Plaintiff was taken to administrative confinement.

On April 7, 2010, correctional officer Stryker filed a disciplinary report against Plaintiff for lewd and lascivious exhibition. Plaintiff alleges this was a false report. Plaintiff was found guilty, ordered to serve sixty days of disciplinary confinement, and his revocation of visitation privileges were revoked for two years.

On April 8, 2010, Plaintiff met in a recorded session with inspectors Land and McCray. Plaintiff could not raise his left hand and was taken back to medical for an x-ray and interview. The results of the x-ray were available on April 21, 2010, and showed that there were fractures on the left rib cage, specifically the seventh rib, and it was determined Plaintiff had elevated blood pressure. Plaintiff was told he did not need surgery as the injury would heal on its own, and was given Motrin for pain and

discomfort. In August 2010, Plaintiff was placed on an ibuprofen regiment for treatment of recurring migraines. Plaintiff was then transferred to Lake Butler.

Plaintiff contends he had never been diagnosed with migraine headaches or abnormal blood pressure prior to the events on April 7, 2010. He contends that due to the beating he now suffers from recurring migraine headaches, sharp pains in the left rib area and sleeplessness due to emotional and mental stress. He contends that he did not suffer from a fractured rib injury prior to April 7, 2010.

Plaintiff seeks an award of monetary damages against Sergeants Reams, Koch, and Pridgeon for violating his Eighth Amendment rights, and against Officer Dickey who allegedly witnessed the events and failed to protect him from abuse or report the abuse. Plaintiff also seeks injunctive relief, multiple restraining orders and costs of this action.

## II. DEFENDANTS' MOTIONS TO DISMISS

Defendants contend that dismissal of the complaint is warranted on the following grounds: (1) Plaintiff's claims against all Defendants fail to state a claim for a violation of the Eighth Amendment; (2) Plaintiff's allegation of a retaliatory disciplinary report[1] fails to state a claim; (3) Defendant Dickey is entitled to qualified immunity; (4) Defendants are immune from suit in their official capacities; and, (5) Plaintiff is not entitled to injunctive relief. Doc. 37.

## III. STANDARD OF REVIEW

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that

---

[1] While Plaintiff claimed that Officer Stryker filed a false disciplinary report against him, he has not claimed to have been deprived of due process, nor has he named Officer Stryker as a defendant in this action.

*Case No: 4:11-cv-394-SPM-GRJ*

"[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 556 U.S. at 681. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.,* 399 Fed. App'x. 563, 565 (11th Cir. 2010)(citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).

## IV. DISCUSSION

### A. Eighth Amendment Claims Against Sergeants Reams, Koch and Pridgeon

The Eighth Amendment states that no cruel and unusual punishments are to be inflicted. U.S. Const. Amend. VIII. In a prison setting, force is deemed legitimate under the Eighth Amendment as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986). A variety of factors are considered in determining whether the force was applied maliciously or sadistically, including the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used. A *de minimis* use of force, as evidenced by *no* injury, typically cannot support a claim of excessive use of force. *Hudson v. McMillian,* 503 U.S. 1, 7-8 (1992).

However, a vicious and gratuitous beating of the type alleged by Plaintiff would, of course, run afoul of the Eighth Amendment's proscription against cruel and unusual punishment. The evidence of record does not yet include the medical records from the prison. Plaintiff asserts these records will show good health prior to being placed in confinement. Plaintiff stated that once he was placed in confinement, he was viciously attacked and beaten. He asserts that he suffered ill health which he alleges medical records will verify. Plaintiff's health complaints include a fractured rib, bruising, shoe-print marks, pain in the rib area, headaches and migraines. He sought medical assistance hours after the alleged attack, and repeatedly in the months thereafter. Plaintiff additionally alleged that he was less then adequately examined medically

because he was not seen by the institutional doctor as well as the nurse.[2] Plaintiff claims this beating by Sergeants Reams, Koch and Pridgeon caused his substantial injuries. Plaintiff's factual allegations do not appear to be conclusory in nature. Accordingly, Defendants' motion to dismiss the Eighth Amendment claims against Sergeants Reams, Koch, and Pridgeon should be denied.

## B. Eighth Amendment Claim Against Officer Dickey

Plaintiff alleges that Officer Dickey was present in the confinement area on April 7, 2010. Plaintiff alleges that Officer Dickey was a "look-out" man who observed the beating given to Plaintiff by Sergeants Reams, Koch and Pridgeon but did not take any action to stop the beating or intervene in any way.

"The difference between a direct failure to intervene claim and a failure to stop claim under a theory of supervisory liability lies in the position and authority of the defendant with respect to the person who commits the constitutional violation." *Keating v. City of Miami*, 598 F.3d 753, 765 (11th Cir. 2010). Here, Sergeants Reams, Koch, and Pridgeon were superior in rank to Officer Dickey. Accordingly, Plaintiff's claim should be characterized as a claim for direct failure to intervene, rather than as a claim for failure to stop under a theory of supervisory liability.

The Eleventh Circuit has stated that "[i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked

---

[2] Plaintiff has not formally listed this as a claim nor listed as a Defendant the nurse nor any medical professionals. Even if he had, this claim would not survive a motion to dismiss. *See Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976))).

*Case No: 4:11-cv-394-SPM-GRJ*

beating takes place in his presence, the officer is directly liable under Section 1983." *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998)(*citing Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir.1986)); *see also Clark v. Argutto*, 221 Fed. App'x. 819, 826 (11th Cir. 2007). The issue then becomes whether Officer Dickey was in a position to intervene. Plaintiff alleges that Officer Dickey stood at the door entrance to the small disciplinary hearing room and watched the attack and beating occur. Thus, taking the allegations of the complaint in a light most favorable to Plaintiff, Dickey was in close proximity as he observed the alleged abuse and was accordingly in a position to intervene. *Cf. Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998) (officer that did not observe the use of excessive force is not in a position to intervene). Defendants' motion to dismiss Plaintiff's Eighth Amendment claim against Officer Dickey should therefore be denied.

### C. Retaliatory Disciplinary Report Claim

Plaintiff asserts that Officer Stryker filed a false disciplinary report against him on April 7, 2010. He has not made a separate distinct claim about the report, and has not named Officer Stryker as a defendant. However, because Plaintiff is proceeding *pro se*, the complaint is to be reviewed more liberally than if the complaint was drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal courts do not operate as appellate courts for prison disciplinary actions. The only claims viable in this Court concerning a disciplinary report are claims asserting procedural violations, such as the denial of witnesses or evidence, the failure by the prison to give the inmate advance written notice of the disciplinary charge, or the failure to provide an impartial hearing board. *Wolff v. McDonnell*, 418 U.S. 539, 563-67

(1974); *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999), *citing Young v. Jones*, 37 F.3d 1457 (11th Cir. 1994); *Terrelonge v. Wells*, Case No. CV-309-071, 2010 WL 23055 at *2 (S.D. Ga. January 4, 2010). Insofar as Plaintiff complains about allegedly fabricated evidence against him, the Supreme Court has held that the degree of proof required at a prison disciplinary hearing is significantly lower from that required in a criminal prosecution, and a decision need only be supported by "some evidence." *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985) (federal courts will not re-weigh the evidence, assess the credibility of the witnesses, or otherwise make a *de novo* review of the proceedings); *see also Young*, *supra* at 1460 (federal courts do not conduct *de novo* review of disciplinary team's fact finding).

Plaintiff has not asserted any lack of due process in the disciplinary report procedure such as a lack of an opportunity to address the charges against him. Accordingly, insofar as Plaintiff has attempted to assert in the Complaint a due process claim, this claim should be dismissed.

### V. Qualified Immunity: Officer Dickey

Defendants assert that Plaintiff's Eighth Amendment claim against Officer Dickey for failure to intervene in the beating should be dismissed on the grounds of qualified immunity. "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Andujar v. Rodriguez,* 486 F.3d 1199,1202 (11th Cir. 2007) (citations omitted); *Brandon v. Holt,* 469 U.S. 464, 472-73 (1985). Further, qualified immunity is only available in suits for damages. *See, e.g., Ashcroft v. al-Kidd,* ___ U.S. ___, 2011 U.S.

LEXIS 4021, **7 ("Qualified immunity shields federal and state officials from money damages"); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An official wishing to invoke the affirmative defense of qualified immunity must have been acting within his discretionary authority. *Skop v. City of Atlanta, Georgia,* 485 F.3d 1130, 1136 (11th Cir. 2007).

There are two prongs to a qualified immunity test. The plaintiff must show that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1264 (11th Cir. 2004). The U.S. Supreme Court has held that lower courts are permitted to exercise discretion in deciding which prong of the test to address first. *Pearson v. Callahan,* ___ U.S. ___, 129 S. Ct. 808, 818 (2009).

When a reasonable police officer knows that the excessive force is clearly in violation of constitutional rights and the duty to intervene is clearly established, qualified immunity is unavailable. *Priester v. City of Riviera Beach, Fla.* 208 F.3d 919, 927-28 (11th Cir. 2000). Here, the Complaint sufficiently alleges a claim for excessive force that, if true, would be a violation of his Eight Amendment rights. As noted above, the duty to intervene is clearly established when excessive force occurs in the presence of an officer and he is in the position to intervene. Plaintiff has alleged that Officer Dickey stood nearby and watched the beating occur, and was in a position to intervene. Defendants assert that Officer Dickey was not in such a position.

For purposes of a motion to dismiss, the Court must accept the factual allegations in the complaint as true. Plaintiff has alleged specific facts in support of his claim for excessive force, and has further alleged that Officer Dickey's duty to intervene

was clearly established based on his close proximity to and witnessing of the beating. Accordingly, at this stage, qualified immunity is not available to Officer Dickey and, therefore, Defendants' motion to dismiss on this ground should be denied.

### VI. Defendants Immune from Suit in their Official Capacities

Defendants requests dismissal of Plaintiff's claims against them in their official capacities. The law is well settled that a suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will .v Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). Therefore, under the Eleventh Amendment when state officials are sued for damages in their official capacity, the state officials are immune from suit in federal court. *Jackson v. Georgia Dep't. of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). Accordingly, Plaintiff's official capacity claims (but not Plaintiff's individual capacity claims) against all Defendants are due to be dismissed.

### VII. Injunctive Relief

Plaintiff requests injunctive relief for medical treatment from those not in the employ of the Federal Department of Corrections. To the extent that Plaintiff is requesting immediate medical care from external providers, case law does not provide for this remedy. As long as there is adequate medical treatment, the prisoner's preference for an alternative treatment does not rise to the level of an Eighth Amendment violation. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998). In addition, "[a]lthough the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). To the

extent that Plaintiff is requesting medical treatment as part of damages in his claim, a decision on this request is premature at this point.

Additionally, with regard to Plaintiff's request for an injunction to impound camera evidence from April 7, 2010 from 3:00-6:00 a.m. of the Taylor Correctional Institution confinement unit, photographic evidence of Plaintiff's injuries, telephone audio from March 26, 2010 to April 7, 2010, and all relevant witness interviews or statements, this request is not properly brought as a request for an injunction, but instead is a request for discovery. Discovery in a 42 U.S.C. § 1983 civil rights case proceeds in accordance with a court-issued scheduling order. Defendant's request for discovery is therefore premature until a scheduling order has been issued.

Lastly, Plaintiff requests a temporary restraining order against all Defendants. Plaintiff is now incarcerated in the Mayo Correctional Institution while Defendants Dickey and Reams are located at Taylor Correctional Institution. Therefore, because the Plaintiff has been transferred, the risk of harm in the absence of the restraining order is *de minimus* and the request as to Defendants Dickey and Reams is moot.

Defendants Pridgeon and Koch were transferred to Mayo Correctional Institution where Plaintiff is now incarcerated. It is well established that "[a] district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *see e.g.*, *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th

Cir. 1998)). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson County,* 720 F.2d at 1519, citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974). Based on the facts alleged in Plaintiff's complaint, he fails to carry his burden of persuasion on any of the four factors warranting injunctive relief.

## VIII. CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendants' motion to dismiss (Doc. 37) be **GRANTED in part** and **DENIED in part.**

2. The motion to dismiss Plaintiff's Eighth Amendment claims against Defendants Reams, Koch, Pridgeon and Dickey in their individual capacities should be **DENIED**.

3. The motion to dismiss Plaintiff's Eighth Amendment claims against Defendants Reams, Koch, Pridgeon and Dickey in their official capacities should be **GRANTED.**

4. Insofar as Plaintiff has made a claim with respect to the retaliatory disciplinary report, the motion to dismiss should be **GRANTED** as to such claim.

5. Plaintiff's claims for injunctive relief and a temporary restraining order should be denied at this time.

**IN CHAMBERS** this 26th day of December 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**